IN THE CIRCUIT COURT OF THE 20TH
JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA

DR. JORGE CAMINA          CASE NO:

    Plaintiff,

v.

COLLIER HEALTH SERVICES, INC.

    Defendant.
_____/

## COMPLAINT

Plaintiff, Dr. Jorge Camina ("Dr. Camina"), sues the Defendant, Collier Health Services, Inc. ("Collier Health"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000.00, exclusive of attorneys' fees and costs.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3. Defendant, Collier Health, is a Florida corporation doing business in Collier County, Florida, and venue is proper in Collier County because all of the events giving rise to this claim occurred within Collier County, Florida.

## PARTIES

4. Plaintiff, Dr. Camina, is a resident of Collier County, Florida. At all times pertinent, Dr. Camina was an "employee" as defined by Title VII.

5. Defendant, Collier Health, is an "employer" as defined by Title VII, providing comprehensive healthcare services to patients in Collier County, Florida.

## CONDITIONS PRECEDENT

6. Plaintiff, Dr. Camina, timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination and retaliation under Title VII. *See* Exhibit A.

7. Title VII claims are timely in that the EEOC has issued a Notice of Right to Sue, and this lawsuit is filed within 90 days of Plaintiff's receipt of the EEOC Notice of Right to Sue. *See* Exhibit B.

8. All conditions precedent have been performed or have occurred.

## GENERAL ALLEGATIONS

9. Dr. Camina was employed by Collier Health as a pediatrician until his termination on October 1, 2021.

10. In August 2021, Collier Health implemented a mandatory COVID-19 vaccine policy for all employees.

11. Collier Health's COVID-19 vaccine mandate included a religious exemption.

12. Dr. Camina promptly informed Collier Health, in writing, that he was requesting an exemption to the COVID-19 vaccination mandate because of a conflict between the mandate and his sincerely held religious beliefs, practices, or observances.

13. In his written request, Dr. Camina explained the conflict with the vaccine mandate and the religious basis for it.

14. Specifically, Dr. Camina objected to the vaccine mandate on religious grounds because the vaccine was developed using aborted fetal cell lines.

15. Collier Health never questioned Dr. Camina about the religious nature or sincerity of his religious beliefs, practices, or observances.

16. Collier Health never made a request for verification of the sincerity or religious nature of Dr. Camina's professed beliefs, practices, or observances.

17. Collier Health never asked for an explanation of how Dr. Camina's religious beliefs, practices, or observations conflicted with its' vaccination requirement.

18. Collier Health <u>did not</u> consider possible reasonable accommodations, including a testing option.

19. Collier Health could have reasonably accommodated Dr. Camina's religious beliefs, practices and observations without and undue hardship on its operations by allowing a testing option at Dr. Camina's expense.

20. Testing option would not require Collier Health to bear any financial cost to accommodate Dr. Camina's religious beliefs, practices, or observations because Dr. Camina would've paid for the testing out-of-pocket.

21. Testing option would not unreasonably burden Collier Health's business by increasing the risk of spreading COVID-19 because a person with a negative test result does not have the virus.

22. On the other hand, a fully vaccinated person can still have the virus and spread it without ever knowing they are positive.

23. Testing is the most effective way to stop the spread of COVID-19 in the workplace.

24. In response to the vaccine mandate for federal workers, the President of the United States by way of the White House Press Secretary stated, *"testing once a week, we feel, and we think the American people feel, is quite reasonable."*

25. Even Dr. Anthony Fauci stated, *"one of the things that is clear from the data is that the vaccines don't protect overly well against infection."*

26. Collier Health denied Dr. Camina's religious accommodation request, and terminated his employment effective October 1, 2021.

## COUNT I: RELIGIOUS DISCRIMINATION
## TITLE VII

27. Plaintiff readopts and re-alleges paragraphs 1 through 26 above as if fully set forth herein.

28. Title VII prohibits discrimination based on religion. This includes a right for Dr. Camina to request an exemption, called a religious or reasonable accommodation, from Collier Health that conflicts with his sincerely held religious beliefs, practices, or observances.

29. Collier Health intentionally denied Dr. Camina's religious accommodation request with malice or reckless indifference to his protected rights, subjecting him to unlawful discrimination on account of religion in violation of Title VII.

30. As a direct, natural, foreseeable, and proximate result of the actions and inactions of Collier Health, by and through the actions and inactions of its managerial personnel, Dr. Camina has suffered injuries and losses including a violation of his statutory rights, economic losses, including back pay, as well as compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and humiliation.

WHEREFORE, Dr. Camina prays for the following relief:

a) Entry of judgment for economic, compensatory, and punitive damages against Collier Health;

b) Declare Collier Health engaged in unlawful discrimination based on religion in violation of Title VII;

c) Require Collier Health reinstate Dr. Camina with full back pay, benefits, and seniority, or award front pay in lieu thereof;

d) Award costs, interest, and attorneys' fees; and

e) Such other and further relief as may be deemed just and proper.

## COUNT II: RETALIATION
## TITLE VII

31. Plaintiff readopts and re-alleges paragraphs 1 through 26 above as if fully set forth herein.

32. Collier Health fired Dr. Camina because he exercised his right to request an exemption called a religious or reasonable accommodation from Collier Health that conflicted with his sincerely held religious beliefs, practices, or observances, in violation of Title VII.

33. As a direct, natural, foreseeable, and proximate result of Collier Health's retaliation, Dr. Camina has suffered injuries and losses including a violation of his statutory rights, economic losses, including back pay, as well as compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and humiliation.

WHEREFORE, Dr. Camina prays for the following relief:

a)  Entry of judgment for economic, compensatory, and punitive damages against Collier Health;

b)  Declare Collier Health engaged in unlawful discrimination based on religion in violation of Title VII;

c)  Require Collier Health reinstate Dr. Camina with full back pay, benefits, and seniority, or award front pay in lieu thereof;

d)  Award costs, interest, and attorneys' fees; and

e)  Such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Dr. Camina demands trial by jury of all issues so triable as a matter of right by law.

Respectfully submitted,

**THE LONGO FIRM, P.A.**
*Attorneys for the Plaintiff*
12555 Orange Drive, Ste. 233
Davie, FL 33330
Tel: (954) 862-3608
Fax: (954) 944-1916

BY:  /s/ Micah J. Longo
MICAH J. LONGO
FBN: 97333
mlongo@longofirm.com

# Exhibit A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC # | |
| FEPA # | |

**FLORIDA COMMISSION ON HUMAN RELATIONS and EEOC and**

The Local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Date of Birth |
|---|---|
| Dr. Jorge L. Camina, Jr. MD, FAAP | 11/21/1975 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6991 Livingston Woods Lane | Naples, FL 34109 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Collier Health Services, Inc. (d/b/a Healthcare Network) | 500+ | (239) 658-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1454 Madison Avenue West | Immokalee, FL 34142 |

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: August 17, 2021 — Latest: Present
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s).):

I've work for Collier Health Services, Inc. ("Healthcare Network") as a pediatrician since August 2004. I am a member of a traditional recognized religious organization (Christian/Catholic). I was informed by Healthcare Network that it was mandating the Covid-19 vaccine by September 3, 2021. On August 17, 2021, I made Healthcare Network aware both of my need for accommodation, and that it's being requested due to a conflict between my religion and work, specifically as it related to the Covid-19 vaccine mandate policy.

Healthcare Network never expressed any doubt about the basis for my religious accommodation request, and never made any inquiry into the facts and circumstances of my claims that my belief or practice at issue was not religious or sincerely held. Healthcare Network has yet to engage in the interactive process to determine what accommodations would be effective. Healthcare Network simply denied my religious accommodation request claiming undue hardship. However, the following reasonable accommodations would be effective and were suggested: wearing a face mask, working at a social distance, daily temperature checks, telework, and periodic testing, all at my own expense. On September 1, 2021, Healthcare Network denied my religious accommodation request, informing me that compliance with its Covid-19 vaccine mandate is a condition of employment and failure to meet the September 3, 2021 deadline meant that my employment with Healthcare Network will end October 1, 2021. As of the date of this Charge of Discrimination, I am not vaccinated and I am still working as a pediatrician for Healthcare Network, and my religious accommodation request is still denied.

Healthcare Network denied my requested reasonable accommodation of my sincerely held religious beliefs/practices when an accommodation would not impose an undue hardship, in violation of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act. Healthcare Network also retaliated against me for engaging in protected activity, including opposition to religious discrimination, in violation of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act.

I believe my employer violated Title VII of the Civil Rights Act of 1964, as amended and the Florida Civil Rights Act of 1992, as amended, the local law prohibiting religious discrimination and retaliation.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY — When necessary for State or Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

Date: 9/22/2021

Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 09/22/2021

Notary Public State of Florida
Aaron Krzysik
My Commission GG 325085
Expires 08/09/2023

# Exhibit B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/03/2022

To: Mr. Jorge Camina
c/o Micah Longo
The Longo Law Firm
12555 Orange Drive, Suite 233
Davie, FL 33330

Charge No: 15D-2021-00903

EEOC Representative and email:    FLORENCIO OCAMPO
Acting State & Local Coordinator
florencio.ocampo@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Roberto Chavez
05/03/2022
Roberto Chavez
Acting Director

Collier Health Services
c/o Otto Immel, Esq.
Quarles & Brady, LLP
1395 Panther Ln. Ste 300
Naples, FL 34109

Please retain this notice for your records.